KC **FILED**
FEB 20 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANYWHERE, ANYTIME FITNESS SYSTEMS, LLC, <br><br>Plaintiff, <br><br>v. <br><br>AFP INTERNATIONAL, LLC d/b/a ADVANTAGE FITNESS PRODUCTS, <br><br>Defendant. | Case No. <br><br>**08CV1043** <br>**JUDGE HOLDERMAN** <br>**MAGISTRATE JUDGE BROWN** |

## COMPLAINT

Plaintiff Anywhere, Anytime Fitness Systems, LLC ("Fitness Systems"), for its Complaint against Defendant AFP International, LLC d/b/a Advantage Fitness Products ("AFP"), states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Fitness Systems is an Illinois corporation with its principal place of business in Dyer, Indiana, and it regularly conducts business in this District.

2. AFP is a California limited liability company with its principal place of business at 10131 National Boulevard, Los Angeles, California.

3. AFP runs a website that is accessible in this District; it has sold products in this District; and, it uses the infringing mark (as set forth below) in this District and throughout the United States through its active website and other means.

4. This Court has jurisdiction over this Complaint pursuant to 28 USC §§ 1121 and 1138(a). AFP has further waived any contest to jurisdiction pursuant to the Settlement

1

Agreement between AFP and Fitness Systems, attached hereto as Exhibit A (the "Settlement Agreement").

5. Venue in this Court is proper pursuant to 28 USC §§ 1391(b) and (c). AFP has further waived any contest to venue pursuant to the Settlement Agreement.

## COUNT I

### Trademark Infringement Pursuant to 15 USC § 1114

6. Fitness Systems is the owner of United States Trademark Registration No. 2832469 for the mark "Traveling Trainer" (the "Mark"). This registration is valid, subsisting, uncanceled and unrevoked.

7. Continuously since at least 2001, Fitness Systems has used its Mark in connection with and to identify its products by, and without limitation, prominently displaying the Mark on its products, website, packaging, and advertising material. Fitness Systems' products are sold and used under the Mark in Illinois and throughout the United States.

8. AFP has intentionally infringed Fitness Systems' Mark in interstate commerce by various acts, including without limitation, selling, offering for sale, promoting and advertising its products under the name "Travel Trainer." AFP's products identified by the "Travel Trainer" name are of a similar type to the products offered by Fitness Systems under the "Traveling Trainer" Mark.

9. AFP's use of the name "Travel Trainer" in connection with exercise equipment is without permission or grant of authority from Fitness Systems and such use is likely to cause confusion and mistake, and to deceive.

10. AFP's use of the name "Travel Trainer" in connection with exercise equipment is being made, and has been made, notwithstanding AFP's actual knowledge of Fitness Systems' Mark and registration rights, and therefore, it constitutes intentional infringement.

11. AFP's intentionally infringing activities have caused, and unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Fitness Systems' business, reputation, and goodwill in the Mark. Plaintiff has no adequate remedy at law.

## COUNT II

### False Designation of Origin Pursuant to 15 USC § 1125(a)

12. Fitness Systems hereby realleges and incorporates by reference the allegations in paragraphs 1-11 of this Complaint as if fully set forth herein.

13. Upon information and belief, AFP has used the name "Travel Trainer" in connection with exercise equipment in interstate commerce not only through advertising and offering for sale, but also by providing and selling products to national and international companies, as well as interstate travelers. AFP's use of the name "Travel Trainer" is a false designation of origin and a false or misleading description and representation of fact which is likely to cause confusion and mistake and to deceive as to the affiliation, connection or association of AFP's products with Fitness Systems and as to the origin, sponsorship or approval of AFP's products by Fitness Systems.

14. AFP's wrongful activities have caused, and unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Fitness Systems' business, reputation and goodwill in its Mark. Fitness Systems has no adequate remedy at law.

3

## COUNT III

### Breach of Contract

15. Fitness Systems hereby realleges and incorporates by reference the allegations in paragraphs 1-14 of this Complaint as if fully set forth herein.

16. AFP and Fitness Systems entered into the Settlement Agreement.

17. AFP has used and is continuing to use the name "Travel Trainer" to describe exercise equipment advertised and offered for sale in the United States in violation of Section 3.C of the Settlement Agreement.

18. Accordingly, AFP is in breach of the Settlement Agreement.

19. Fitness Systems has been damaged by AFP's continued use of the "Travel Trainer" name to advertise, offer for sale, and to sell AFP's exercise equipment.

### PRAYER FOR RELIEF

WHEREFORE, Fitness Systems respectfully requests that the Court enter judgment in its favor and against AFP on all Counts of the Complaint and enter an Order:

a. enjoining AFP from any continued use of the name "Travel Trainer";

b. awarding Fitness Systems treble damages as allowed under 15 USC § 1117;

c. awarding Fitness Systems attorneys' fees, costs and prejudgment interest as allowed under 15 USC § 1117 and to the extent permitted by the Settlement Agreement; and

d. awarding Fitness Systems such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

Edward B. Mullen III
MULLEN LAW FIRM
3501 N. Southport Ave.
Suite 206
Chicago, IL 60657
(312) 235-6591 (tel.)
(312) 265-6747 (fax)