IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANYWHERE, ANYTIME FITNESS SYSTEMS, LLC,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>AFP INTERNATIONAL, LLC d/b/a ADVANTAGE FITNESS PRODUCTS,<br><br>　　　　Defendant. | Case No. 08cv1043<br><br>District Judge Holderman<br><br>Magistrate Judge Brown |

_____

**ANSWER OF AFP INTERNATIONAL, LLC TO THE
COMPLAINT OF ANYWHERE, ANYTIME FITNESS SYSTEMS, LLC**
_____

For its answer to the complaint of plaintiff Anywhere, Anytime Fitness Systems, LLC ("Fitness Systems"), AFP International, LLC ("AFP") states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Fitness Systems is an Illinois corporation with its principal place of business in Dyer, Indiana, and it regularly conducts business in this District.

**ANSWER:** AFP lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

2. AFP is a California limited liability company with its principal place of business at 10131 National Boulevard, Los Angeles, California.

**ANSWER:** AFP admits that AFP International, LLC, d/b/a Advantage Fitness Products is a California limited liability company located at 10131 National Boulevard, Los Angeles, California.

3. AFP runs a website that is accessible in this District; it has sold products in this District; and, it uses the infringing mark (as set forth below) in this District and throughout the United States through its active website and other means.

**ANSWER:** AFP admits that it runs a website that is accessible in this district and that it has sold product in this District. AFP denies the remaining allegations of paragraph 3.

4. This Court has jurisdiction over this Complaint pursuant to 28 USC §§ 1121 and 1138(a). AFP has further waived any contest to jurisdiction pursuant to the Settlement Agreement between AFP and Fitness Systems, attached hereto as Exhibit A (the "Settlement Agreement").

**ANSWER:** AFP admits that this Court has subject matter jurisdiction pursuant to 28 USC §§ 1331 and 1338. AFP admits that the Court has personal jurisdiction pursuant to the Settlement Agreement between AFP and Fitness Systems. AFP denies that the Settlement Agreement is attached to the Complaint as Exhibit A and denies all remaining allegations of paragraph 4.

5. Venue in this Court is proper pursuant to 28 USC §§ 1391(b) and (c). AFP has further waived any contest to venue pursuant to the Settlement Agreement.

**ANSWER:** AFP admits that venue is proper in this Court pursuant to the Settlement Agreement between AFP and Fitness Systems.

## COUNT I

### Trademark Infringement Pursuant to 15 USC § 1114

6. Fitness Systems is the owner of United States Trademark Registration No. 2832469 for the mark "Traveling Trainer" (the "Mark"). This registration is valid, subsisting, uncanceled and unrevoked.

**ANSWER:** AFP admits that the United States Patent and Trademark office identifies Anytime, Anywhere Fitness Systems, Inc. as the assignee of United States Trademark Registra-

tion No. 2832469 for the mark "Traveling Trainer."  AFP denies the remaining allegations of this paragraph.

7. Continuously since at least 2001, Fitness Systems has used its Mark in connection with and to identify its products by, and without limitation, prominently displaying the Mark on its products, website, packaging, and advertising material.  Fitness Systems' products are sold and used under the Mark in Illinois and throughout the United States.

**ANSWER:** AFP lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

8. AFP has intentionally infringed Fitness Systems' Mark in interstate commerce by various acts, including without limitation, selling, offering for sale, promoting and advertising its products under the name "Travel Trainer."  AFP's products identified by the "Travel Trainer" name are of a similar type to the products offered by Fitness Systems under the "Traveling Trainer" Mark.

**ANSWER:** AFP admits that it has advertised, promoted and sold products using the name travelTRAINER™, but denies that it is currently using that name.  AFP denies the remaining allegation of paragraph 8.  Fitness Systems dismissed with prejudice it's claim for false designation of origin with respect to activities occurring prior to June 28, 2006, and forever released AFP from all claims on, in connection with, or otherwise with respect to Fitness Systems' "Traveling Trainer" mark in the Settlement Agreement.

9. AFP's use of the name "Travel Trainer" in connection with exercise equipment is without permission or grant of authority from Fitness Systems and such use is likely to cause confusion and mistake, and to deceive.

**ANSWER:** Denied.

10. AFP's use of the name "Travel Trainer" in connection with exercise equipment is being made, and has been made, notwithstanding AFP's actual knowledge of Fitness Systems' Mark and registration rights, and therefore, it constitutes intentional infringement.

**ANSWER:** Denied.

11. AFP's intentionally infringing activities have caused, and unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Fitness Systems' business, reputation, and goodwill in the Mark.  Plaintiff as no adequate remedy at law.

- 3 -

**ANSWER:** Denied.

## COUNT II

### False Designation of Origin Pursuant to 15 USC § 1125(a)

12. Fitness Systems hereby realleges and incorporates by reference the allegations in paragraphs 1-11 of this Complaint as if fully set forth herein.

**ANSWER:** AFP incorporates by reference and realleges the responses to Paragraphs 1 through 11 hereof.

13. Upon information and belief, AFP has used the name "Travel Trainer" in connection with exercise equipment in interstate commerce not only through advertising and offering for sale, but also by providing and selling products to national and international companies, as well as interstate travelers. AFP's use of the name "Travel Trainer" is a false designation of origin and a false or misleading description and representation of fact which is likely to cause confusion and mistake and to deceive as to the affiliation, connection or association of AFP's products with Fitness Systems and as to the origin, sponsorship or approval of AFP's products by Fitness Systems.

**ANSWER:** AFP admits that it has previously used the designation travelTRAINER™ in interstate commerce, through advertising and sale of its products, but denies that it is currently using that designation. AFP denies the remaining allegations of paragraph 13. Fitness Systems dismissed with prejudice it's claim for false designation of origin with respect to activities occurring prior to June 28, 2006, and forever released AFP from all claims on, in connection with, or otherwise with respect to Fitness Systems' "Traveling Trainer" mark in the Settlement Agreement.

14. AFP's wrongful activities have caused, and unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Fitness Systems' business, reputation and goodwill in its Mark. Fitness Systems has no adequate remedy at law.

**ANSWER:** Denied.

## COUNT III

### Breach of Contract

15.　Fitness Systems hereby realleges and incorporates by reference the allegations in paragraphs 1-14 of this Complaint as if fully set forth herein.

**ANSWER:**　AFP incorporates by reference and realleges the responses to Paragraphs 1 through 14 hereof.

16.　AFP and Fitness Systems entered into the Settlement Agreement.

**ANSWER:**　Admitted.

17.　AFP has used and is continuing to use the name "Travel Trainer" to describe exercise equipment advertised and offered for sale in the United States in violation of Section 3.C of the Settlement Agreement.

**ANSWER:**　AFP denies any continuing use of the name "TravelTRAINER™" to describe exercise equipment advertised and offered for sale in the United States in violation of Section 3.C of the Settlement Agreement. AFP admits that it previously used the name "TravelTRAINER™" to describe exercise equipment advertised and offered for sale in the United States. AFP denies all remaining allegations in paragraph 17.

18.　Accordingly, AFP is in breach of the Settlement Agreement.

**ANSWER:**　AFP admits to inadvertent use of the travelTRAINER™ name on its website as well as de minimis sales of products bearing the travelTRAINER™ name for which AFP previously compensated Fitness Systems. Because neither action constituted a material breach of the Settlement Agreement and did not result in damages or injury consequent to Fitness Systems, there is no cause of action for breach of contract. AFP denies any remaining allegations of paragraph 18.

19.　Fitness Systems has been damaged by AFP's continued use of the "Travel Trainer" name to advertise, offer for sale, and to sell AFP's exercise equipment.

**ANSWER:**　Denied.

## ADDITIONAL DEFENSES

## FIRST DEFENSE

Fitness Systems is precluded from pursuing any claims of trademark infringement or false designation of origin pursuant to 15 U.S. 1125(a) as a result of the Settlement Agreement executed on June 23, 2006 and the dismissal with prejudice of counts for trademark infringement and false designation of origin in *Anywhere, Anytime Fitness Systems, LLC v. Advantage Fitness Products*, case no. 06 cv 1801 (N.D. Ill.) entered by Judge Castillo on June 28, 2006.  In addition to the explicit release of all claims from the beginning of time until the signing of the Settlement Agreement, Fitness Systems released any claims on, in connection with, or with respect to Fitness Systems' "Traveling Trainer" mark in Paragraph 5D of the Settlement Agreement which provides that:

> Subject to the terms of this Agreement, each party hereby mutually releases and forever discharges the other, and the other's affiliates, subsidiaries, representatives, consultants, agents, independent contractors, distributors, suppliers, vendors, customers, and their respective officers, directors and employees from all claims and counterclaims, whether known or unknown, in law, equity, or otherwise on, in connection with, or otherwise with respect to Fitness Systems' "Traveling Trainer" mark, including without limitation, those that were asserted or could have been asserted in or arising out of the Traveling Trainer Action.

## SECOND DEFENSE

Pursuant to the Settlement Agreement, AFP and Fitness Systems resolved all claims with respect to the then-existing inventory of travelTRAINER products in AFP's possession at the time of signing of the Settlement Agreement.  AFP paid Fitness Systems valuable consideration for products remaining in AFP's inventory as of June 1, 2007.  The products at issue in this lawsuit were in AFP's inventory as of June 1, 2007.  AFP already paid a royalty to Fitness Systems

on the products at issue in this case. The doctrine of accord and satisfaction prevents additional recovery by Fitness Systems for the accused products.

### THIRD DEFENSE

To the extent that AFP sold any TravelTRAINER™ Products after June 1, 2007 in the United States in violation of Section 3.C of the Settlement Agreement, any such sales would have been a de minimis breach of the Settlement Agreement and have not caused harm to Fitness Systems. Fitness Systems has already been compensated for all units in AFP's inventory as of June 1, 2007, and, on information and belief, cannot establish damages resulting from the sale of those units.

### FOURTH DEFENSE

AFP paid a per unit royalty on the products accused of trademark infringement in this case. A royalty can be charged only once per product. Fitness Systems cannot seek damages for AFP's subsequent sale of a product for which Fitness Systems has already been compensated.

### FIFTH DEFENSE

Fitness Systems cannot meet its burden of proving that confusion is likely between the Fitness Systems' use of the "Traveling Trainer" mark and AFP's use of travelTRAINER™.

### SIXTH DEFENSE

Fitness Systems' mark "Traveling Trainer" is merely descriptive of fitness products that are convenient for use while traveling. The mark has no secondary meaning, and is, therefore, inherently unprotectable.

### PRAYER FOR RELIEF

WHEREFORE, AFP International, LLC respectfully requests that the Court enter judgment in its favor and against Anywhere, Anytime Fitness Systems, LLC:

  a. Enter judgment herein, resolving the issues in AFP's favor and finding that AFP has not infringed U.S. Trademark Registration 2,832,469 for "Traveling Trainer," either directly, contributorily, or by inducement, dismissing the action with prejudice and denying Plaintiff all relief requested in the Complaint;

  b. Award AFP its attorneys' fees and costs in accordance with the terms of the Settlement Agreement which provides that the prevailing Party shall be entitled to recover its attorneys' fees and costs incurred; and

  c. Grant AFP such other and further relief as this Court deems just and proper.

<u>Jury Demand</u>

AFP demands jury trial for all issues so triable.

Dated: March 31, 2008  By: */s/ Jeffrey H. Dean*
  Jeffrey H. Dean
  Julianne M. Hartzell
  Gregory J. Chinlund
  MARSHALL, GERSTEIN & BORUN LLP
  6300 Sears Tower
  233 South Wacker Drive
  Chicago, IL 60606-6357
  (312) 474-6300

  Attorneys for Defendant
  AFP INTERNATIONAL, LLC

- 9 -

## CERTIFICATE OF SERVICE

      I, Jeffrey H. Dean, one of the attorneys for defendant AFP International, LLC, hereby certify that on this 31st day of March, 2008, I caused a copy of the foregoing ANSWER OF AFP INTERNATIONAL, LLC TO THE COMPLAINT OF ANYWHERE, ANYTIME FITNESS SYSTEMS, LLC to be submitted electronically to the Court's Electronic Case Filing System which generates a Notice of Electronic Filing that constitutes service to all Filing Users under Fed. R. Civ. P. 5(b)(2)(D).  I also served a copy of the foregoing by U.S. Mail and electronic mail on:

      Mr. Edward B. Mullen III
      MULLEN LAW FIRM
      3501 N. Southport Avenue
      Suite 206
      Chicago, Illinois 60657
      Tel:  (312) 235-6591
      Fax:  (312) 265-6747
      ed_mullen@mac.com

                                  */s/ Jeffrey H. Dean*
                                  Jeffrey H. Dean