IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANYWHERE, ANYTIME FITNESS SYSTEMS, LLC, | ) ) ) ) Case No. 08cv1043 ) ) District Judge Holderman ) ) Magistrate Judge Brown ) ) ) ) |
| Plaintiff, | |
| vs. | |
| AFP INTERNATIONAL, LLC d/b/a ADVANTAGE FITNESS PRODUCTS, | |
| Defendant. | |

**REPORT OF THE PARTIES' PLANNING MEETING**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, a meeting was held on April 29 by telephone and was attended by Edward Mullen, counsel for plaintiff Anywhere, Anytime Fitness Systems, LLC (hereinafter "Fitness Systems"), and Julianne Hartzell, counsel for defendant AFP International, LLC (hereinafter "AFP").

    1.    **Pre-Discovery Disclosures**

The parties will serve by May 15, 2008 the disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

    2.    **Discovery Plan**

        A.    **Plaintiff's Proposed Discovery Plan.**

This case involves claims for trademark infringement and breach of a settlement agreement. For more than eight months following the date on which Defendant agreed to cease sell-

ing a product that infringes on Plaintiff's trademark, Defendant continued to offer the product for sale, including on its website, in violation of both the settlement agreement and trademark law, and it did not actually stop offering the product for sale until after this lawsuit was filed. Moreover, Defendant's actions were knowing and willful given its awareness of Plaintiff's registered trademark and the settlement agreement. Defendant now contends that its conduct caused "*de minimis*" harm, presumably because it did not sell a large volume of the product during the eight months it continued to offer the product for sale. Plaintiff has repeatedly asked Defendant to provide verifiable evidence of this contention, as opposed to unverified statements from a company that has already breached Plaintiff's trust on several occasions. To date, Plaintiff has received no evidence that sales of the product were "*de minimis*", and accordingly, Plaintiff proposes reasonable and staggered discovery into that issue first, followed by general discovery if the claims cannot be resolved at a settlement conference following the initial discovery.

Specifically, Plaintiff proposes that (1) written discovery limited to the issue of Plaintiff's damages shall be completed 60 days following the status conference with the Court on May 1, 2008 (June 30, 2008); (2) deposition discovery limited to the issue of Plaintiff's damages shall be completed 60 days following the completion of written discovery (August 29, 2008); and (3) the parties shall schedule a settlement conference with Magistrate Judge Brown in September 2008. Should the case not be resolved at the September settlement conference, Plaintiff requests that the Court hold a status conference the week of October 13, 2008, and the parties shall file a revised Form 35 report with proposed dates through trial seven days before the status conference.

### B. Defendant's Proposed Discovery Plan

AFP seeks the aid of this Court to prevent these proceedings from multiplying beyond all proportion to the actual amount in controversy. This case arises out of previous litigation be-

tween the parties in which all claims were resolved by settlement. Plaintiff now alleges that AFP used plaintiff's trademark beyond the scope of what was permitted in the settlement agreement. Putting the merits of this theory aside, the sales in controversy were, by all accounts, *de minimis*, and all complained of conduct has now ceased. AFP has attempted to resolve these *de minimis* disputes, but plaintiff persists in forging ahead with protracted and costly federal litigation beyond any legitimate interest in compensation for actual injury or the prospective protection of federal rights. Consequently, AFP pleads with this honorable Court to intervene, consistent with the purpose of the Federal Rules of Civil Procedure to effect the "inexpensive" resolution of disputes, Fed. R. Civ. Pro. 1, and prevent the use of these proceedings more for harassment purposes than for the recovery of available remedies for alleged limited violations of federal rights.

To that end, defendant proposes a stay of all proceedings except for written discovery (*e.g.*, interrogatories, document requests, and requests for admission) directed solely to the question of damages to be completed within 45 days of the Rule 16 conference in this case, scheduled for May 1, 2008. Defendants then propose a settlement conference, to be presided over by Magistrate Judge Brown, for the purpose of resolving this *de minimis* dispute in a fashion that gives due regard both to the limited scope of plaintiff's alleged injury and to the parties' mutual obligations to the judicial system to avoid the squandering of judicial resources through the needless multiplication of proceedings.

In the alternative, defendants agree to the joint discovery plan stated immediately below:

    **C.**    **Alternative Joint Discovery Plan**

Discovery will be needed on the following subjects:

    i.    Activities by AFP that plaintiff alleges to constitute trademark infringement, false designation of origin and/or breach of contract.

    ii.  Whether Defendant's actions were knowing, willful and intentional, entitling Plaintiff to treble damages, attorneys' fees and costs.

    iii.  The harm suffered by plaintiff as the result of any trademark infringement, false designation of origin or breach of contract.

    iv.  Prior resolution of claims pursuant to settlement agreement, scope of settlement agreement terms and payments made pursuant to the settlement agreement.

    v.  Likelihood of confusion between Fitness Systems' use of the "Traveling Trainer" mark and AFP's use of travelTRAINER™ or travTRAINER.

    vi.  Actual confusion between Fitness Systems' use of the "Traveling Trainer" mark and AFP's use of travelTRAINER™ or travTRAINER.

    vii.  Validity and protectability of plaintiff's trademark, including evidence of descriptiveness of the mark and secondary meaning for the mark.

    viii.  Whether plaintiff has needlessly multiplied these proceedings such that this case is exceptional, thereby entitling defendant to reimbursement of attorneys fees reasonably incurred in defending this action.

 All fact discovery commenced in time to be completed by October 31, 2008. Written fact discovery related to damages to be completed by June 30, 2008. Fact depositions related to damages to be completed by July 30, 2008.

  Maximum of 25 interrogatories by each party to any other party.

  Maximum of 50 requests for admission by each party to any other party.

  Maximum of 10 depositions by plaintiff and 10 by defendant.

  Each deposition limited to maximum of 7 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due: (i) from party bearing burden of proof on the issue addressed on December 15, 2008; (2) from party responding to issue addressed on January 30, 2009; and (3) rebuttal reports on February 16, 2009. Expert discovery shall be completed by March 2, 2009.

**3.    Other Items**

A Rule 16 conference is currently scheduled for May 1, 2008.

The parties request a pretrial conference in June, 2009.

The parties should be allowed until June 1, 2008 to join additional parties and to amend the pleadings as a matter of right and thereafter with leave of the Court for good cause shown and without causing prejudice to any other party.

All potentially dispositive motions should filed be on or before March 13, 2009

Settlement may be enhanced by use of the following alternative dispute resolution procedure: Settlement conference with a magistrate judge after completion of damages related discovery sometime in late August or September, 2008.

Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

>from plaintiff(s) by June 1, 2009.

>from defendant(s) by June 15, 2009.

Parties should have 5 business days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

The case should be ready for trial July 1, 2009 which at this time is expected to take approximately 3 days.

Respectfully Submitted:

| | |
|---|---|
| By: */s/ Edward B. Mullen III* <br> Mr. Edward B. Mullen III <br> MULLEN LAW FIRM <br> 3501 N. Southport Avenue <br> Suite 206 <br> Chicago, Illinois 60657 <br> Tel:  (312) 235-6591 <br> Fax:  (312) 265-6747 <br> ed_mullen@mac.com <br><br> Counsel for Plaintiff <br> ANYWHERE, ANYTIME FITNESS SYS-TEMS | By: */s/ Julianne M. Hartzell* <br> Jeffrey H. Dean <br> Gregory J. Chinlund <br> Julianne M. Hartzell <br> Marshall, Gerstein & Borun LLP <br> 6300 Sears Tower <br> 233 South Wacker Drive <br> Chicago, IL 60606-6357 <br> (312) 474-6300 <br> jdean@marshallip.com <br><br> Counsel for Defendant AFP INTERNA-TIONAL, LLC |

Dated: April 29, 2008

## **CERTIFICATE OF SERVICE**

      I, Julianne Hartzell, one of the attorneys for defendant AFP International, LLC, hereby certify that on this 29th day of April, 2008, I caused a copy of the foregoing REPORT OF THE PARTIES' PLANNING MEETING to be submitted electronically to the Court's Electronic Case Filing System which generates a Notice of Electronic Filing that constitutes service to all Filing Users under Fed. R. Civ. P. 5(b)(2)(D).

      */s/ Julianne M. Hartzell*
      Julianne Hartzell